Hunter Shkolnik
Paul B. Maslo
Salvatore C. Badala
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
hunter@napolilaw.com
pmaslo@napolilaw.com
sbadala@napolilaw.com

Brittany Weiner, Esq.
Seth Asher Nadler, Esq.
IMBESI LAW P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(646) 380-9555
brittany@lawicm.com
seth@lawicb.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------ x

PAUL LAMBRAKIS, individually, and on
behalf of all others similarly-situated,

                           Plaintiff,

            - against -

PLAYTEX PRODUCTS, LLC, f/k/a PLAYTEX
PRODUCTS, INC., EDGEWELL PERSONAL
CARE COMPANY, and SUN
PHARMACEUTICAL, LLC,

                   Defendants.

------------------------------------------ x

Civil Case No.:  16-cv-3371

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiff PAUL LAMBRAKIS brings this action on behalf of himself and all others

similarly situated who purchased Banana Boat Kids SPF 50 sunscreen against Defendants

PLAYTEX PRODUCTS, LLC f/k/a PLAYTEX PRODUCTS, INC. ("Playtex"), EDGEWELL

PERSONAL CARE COMPANY ("Edgewell"), and SUN PHARMACEUTICAL, LLC, ("Sun Pharmaceutical"), (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.       Consumers, like Plaintiff and the putative class, buy sunscreen to prevent sunburns and other harmful health effects caused by exposure to UV radiation. Sunscreen prevents burning and decreases skin's exposure to UV radiation by absorbing UV radiation on the skin or by reflecting or scattering part or all of the UV radiation away from the skin.

2.       Sun Protection Factor ("SPF") informs the consumer of the level of sunburn protection provided by the sunscreen. A sunscreen with a higher SPF, such as SPF 50, would filter out more UV radiation and provide more protection as compared to a sunscreen with a lower SPF.

3.       Plaintiff is one of hundreds of thousands of consumers who has purchased Banana Boat Kids SPF 50 products based upon the advertised SPF number. Consumers, like Plaintiff, reasonably expect that a bottle labeled "SPF 50" will contain "SPF 50," and not a significantly lower amount of protection.

4.       Plaintiff brings this putative class action seeking damages sustained as a direct and proximate result of Defendants' violations of New York General Business Law ("GBL") §§ 349 and 350, breach of warranty, fraudulent concealment and/or inducement, negligent misrepresentation and unjust enrichment in connection with Defendants' marketing and sales of Banana Boat Kids SPF 50 sunscreen products. Plaintiff and putative Class members have been, and continue to be, injured by Defendants' pattern and practice of placing into the stream of commerce sunscreen products containing a false SPF number, and largely inflated UV protection numbers, which Defendants manufacture, distribute and sell.

5.      Defendants distribute, market, produce, manufacture and sell sunscreen products under the brand name "Banana Boat."

6.      Banana Boat prides itself as being one of the nation's largest providers of sun care products, stating "[n]othing is more important to us than the well-being of the people who use our products. Consumers can rest assured that Banana Boat products provide safe and effective broad spectrum UVA and UVB protection when used as directed on the product label, and with other sun protection measures as necessary."[1]

7.      Defendants have known, or should have known, for years that Banana Boat Kids SPF 50 products contain less UV protection than Defendants advertise, causing Plaintiff and Class members to rely on a product which contains a false and significantly inflated SPF number.

8.      Defendants' statements are false and misleading to a reasonable consumer because Banana Boat Kids SPF 50 sunscreen products do not contain the advertised level of SPF. The statements are likely to deceive the public.

9.      With notice and knowledge of its material misrepresentations or omissions, Defendants have not offered to compensate its customers to remedy their damages.

10.     Had Plaintiff and members of the putative Class known that Banana Boat Kids SPF 50 products contains less UV protection than Defendants otherwise advertise, Plaintiff and members of the putative Class would not have purchased the sunscreen and relied upon it to keep them protected from UV radiation.

11.     As a direct and proximate result of Defendants' deceptive acts and practices in connection with its Banana Boat SPF 50 sunscreen, Plaintiff and members of the putative Class have sustained economic injury by paying for a falsely advertised product and being deprived of

---

[1] http://www.redbookmag.com/life/news/a44582/preventing-sunburn-child-sunscreen/ (last accessed on June 21, 2016).

the full intended use of their purchased sunscreen.

12.     Plaintiff seeks damages and equitable remedies under statutory and common law claims for himself and members of the putative Class, of which Plaintiff is a member. Identified definitively below, the putative Class includes consumers who have purchased Banana Boat Kids SPF 50 sunscreen in both cream and mist spray variations.

## JURISDICTION & VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, to a reasonable probability; and (iii) there is minimal diversity because at least one of Plaintiff is a citizen of a state different from at least one Defendant.

14.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

15.     Venue is proper in this District pursuant to 28 U.S.C. §1391 inasmuch as (i) many of the acts and transactions giving rise to this action occurred in this District; (ii) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District through the marketing, distribution and sale of its products in this District and (iii) Defendants currently do substantial business in this District.

## PARTIES

16.     Plaintiff Paul Lambrakis is a citizen of the State of New York and a resident of Kings County. Over the years, and specifically in April and May of 2016, Plaintiff has purchased Banana Boat Kids SPF 50 sunscreen for his daughter. Plaintiff reviewed the product label and made the purchase based upon the representation that the sunscreen contained SPF 50.

4

17.     Defendant Edgewell is a foreign business corporation with its headquarters and principal place of business located in Shelton, Connecticut. Edgewell is licensed to and does conduct business throughout the United States, including the State of New York. Edgewell manufactures and markets personal care products, including Banana Boat sunscreen, to consumers in New York and across the United States.

18.     Defendant Playtex is a Delaware foreign limited liability company with its headquarters and principal place of business located in Shelton, Connecticut. Playtex is licensed to and does conduct business throughout the United States including the State of New York. Playtex markets Banana Boat sunscreen as one of its brands. Playtex is a subsidiary of Edgewell.

19.     Defendant Sun Pharmaceuticals is a Delaware foreign limited liability company with its headquarters and principal place of business located in Dover, Delaware. Sun Pharmaceuticals is licensed to and does conduct business throughout the United States, including the State of New York. Sun Pharmaceuticals is a subsidiary of Edgewell.

### STATEMENT OF FACTS

**A. Banana Boat Kids SPF 50 Product Line**

20.     Banana Boat Kids SPF 50 products are produced, manufactured, sold and distributed by Defendants.

25.     Banana Boat's website, which Edgewell maintains, sets forth that Banana Boat Kids SPF 50 sunscreen, is "[a]vailable as a 8oz. and 2oz. lotion tube and a 12oz. Family Size lotion pump bottle," and provides, "[b]road-spectrum UVA and UVB protection."[2]

26.     Banana Boat Kids SPF 50 products are available online and in hundreds of retail stores, including but not limited to Walgreens, Overstock.com, Jet.com, Toys R Us, Walmart,

---

[2] http://www.bananaboat.com/products/spf50-tear-free-sunscreen (last accessed on June 20, 2016).

eBay, and Target.

**B. Plaintiff Purchases the Banana Boat Kids SPF 50 Product**

27.     In April 2016 and in May 2016, Plaintiff purchased a tube of Banana Boat SPF 50

Kids sunscreen. Upon information and belief, Plaintiff made the purchase at a Walgreens near

his home.

28.     Plaintiff purchased the following product:



**Fig.1 Back of Tube**      **Fig. 2 Front of Tube**      **Fig. 3 Back of Tube Detail**

29.     The front of the tube indicated that the product contained UVA/UVB Protection

as a sunscreen lotion with "Broad Spectrum SPF 50." *See* Fig. 2 above.

30.     The back of the packaging stated, "Banana Boat Sunscreen for Kids SPF 50 is an

ultra-gentle formula that is non-stinging to eyes and is clinically tested to be mild on kids' skin."

*See* Fig. 3 above.

31.     In deciding whether to purchase the product, Plaintiff reviewed the label and

6

made a decision to purchase a product that he reasonably believed contained SPF 50. Had Plaintiff known that the product purchase did not contain the advertised SPF level, he would not have purchased the sunscreen.

32.     Plaintiff suffered injury by his purchase of the Banana Boat SPF 50 Kids sunscreen in that he was deceived into purchasing a sunscreen product based on Defendants' representations that the product provided superior UVB protection compared to less expensive, lower SPF value products.

33.     Plaintiff has previously purchased Banana Boat Kids SPF 50 in the spray bottle form.

34.     Defendants have profited significantly from their false and misleading advertisements as they have sold over $25 million dollars' worth of product.

**C.  Independent Investigation of Banana Boat Kids SPF 50 Reveals Sunscreen Contains SPF Level of 12.69**

35.     In June of 2016, Plaintiff sent a sample of the Banana Boat product he purchased in May of 2016 to CRL Suncare LLC ("CRL"), a laboratory located in Winston Salem, North Carolina. Plaintiff sought to have the level of UV protection in the Banana Boat Kids SPF 50 sunscreen that he purchased independently tested.

36.     CRL's investigation had four parts: (1) to measure the estimated SPF; (2) to evaluate photostability; (3) to measure the UVA protection factor ; and (4) to measure the critical wavelength of the product.

37.     The investigation concluded that Banana Boat Kids SPF 50 sunscreen, clearly labeled as containing SPF 50, shockingly contained only an **SPF of 12.69** and a measured UVA protection factor of 4.88.

**Conclusions:**
Sample 2016-160-01 had a measured SPF of 12.69 and a measured UVA protection factor of 4.88, with a critical wavelength of 376 nm. After a UV dose equivalent to approximately 2 hours of noonday sunlight in June at 40 degrees north latitude, the absorbance spectrum was essentially unchanged, indicating that the formula was photostable.

_____                    15-Jun 2016
Joseph W. Stanfield, M. S. – Investigator              Date

**Fig. 4 Conclusion of CRL Investigation**

38.     Researchers at Consumer Reports have independently evaluated the SPF value in many sunscreens and found that 48% of the products tested have fallen short of their SPF label.[3]

39.     In May of 2016, Consumer Reports research revealed that among "the most problematic products were Banana Boat Kids Tear-Free, Sting-Free Lotion…which [was] labeled as SPF 50 but [was] found to have only SPF 8."[4]

| Brand & Model | Price | Ratings and Test Results | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Overall score | UVA | SPF | Type | Cost per oz. ($) | Active ingredients | Tested SPF |
| Lotion | Price | 0 ⏷ 100<br>P  F  G  VG  E | | | | | | |

---

[3] http://www.cnn.com/2016/05/18/health/sunscreen-false-spf-claims-on-labels/ (last accessed June 20, 2016)
[4] *Id.*

| Banana Boat Kids Tear-Free, Sting-Free Lotion SPF 50 [3] | $10.00 | 21 | | | | | | | Lotion | 1.25 | Titanium Dioxide 3.1%, Zinc Oxide 4% | 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

40.     Upon information and belief, Defendants have been notified of the false advertisement but have not remedied the problem. In fact, Defendant Edgewell reiterated its position that its products, "met our rigorous specifications that adhere to FDA-mandated testing requirements." [5]

41.     At no time did Defendants advise either Plaintiff or putative Class members that its sunscreen contained less UV protection than Defendants otherwise advertised, causing Plaintiff and Class members to rely the effectiveness of the product based upon a false and inflated SPF.

42.     Plaintiff and Class members purchased the sunscreen with no reason to suspect or know that the sunscreen contained less UV protection than Defendants otherwise advertised.

43.     As the direct and proximate result of Defendants' false and misleading statements and omissions, Plaintiff and Class members have suffered economic injury by being deprived of the full intended use of the purchased product.

44.     By marketing, selling and distributing Banana Boat Kids SPF 50 products to purchasers in New York and throughout the United States, Defendants made actionable statements that the sunscreen contained the advertised UV protection and at all times failed to disclose that Banana Boat Kids SPF 50 did not in fact contain SPF 50.

45.     Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.

---

[5] *Id.*

46.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made. Defendants possessed specialized knowledge regarding the data and information concerning the chemical formula of the sunscreen which the Plaintiff and Class members could not and did not review.

## CLASS ALLEGATIONS

25.    Plaintiff repeats and realleges each allegation above as if set forth herein in full.

26.    Plaintiff brings this action on his own behalf, and on behalf of the following class pursuant to Fed. R. Civ. P. 23(a), 23(b) (2), and/or 23(b) (3):

> **National:** All persons who purchased Banana Boat Kids SPF 50 sunscreen, whether online and/or from stores located in every jurisdiction in this nation from 2010 to the present.
>
> **New York:** All persons in New York who purchased Banana Boat Kids SPF 50 sunscreen, whether online and/or from stores located throughout the state of New York from 2010 to the present.

27.    The National and New York Classes are referred to herein as "the Class."

28.    Excluded from the Class are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased the sunscreen for purposes of resale, and the Judge(s) assigned to this case.

29.    Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for class certification or as warranted by discovery.

30.    This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

31.     Plaintiff does not know the exact size of the proposed Class; however, Plaintiff believes that the Class encompasses hundreds of thousands of individuals who are dispersed throughout the State of New York and the United States. Therefore, the proposed Class is so

numerous that joinder of all members is impracticable.

32.     The identity and address of each class member can be readily ascertained through mass advertisement. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means, by posting notice at stores where the subject product is sold, and by notifying past purchasers to identify themselves in order to participate by way of affidavit or otherwise, supplemented (if deemed necessary or appropriate by the Court) by published notice.

33.     There are questions of law and fact that are common to the Class, and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and the other members of the Class flow from the common nucleus of operative facts surrounding Defendants' misconduct. The common questions include, but are not limited to the following:

    a.  whether Banana Boat Kids SPF 50 sunscreen products contains less UV protection than otherwise advertised;

    b.  whether Defendants marketed, advertised and/or sold Banana Boat Kids SPF 50 sunscreen using false, misleading and/or deceptive statements or representations;

    c.  whether Defendants' conduct constituted a breach of applicable warranties;

    d.  whether Defendants unjustly enriched themselves by misleading customers who thought they were purchasing a sunscreen with higher protection;

    e.  whether Defendants committed statutory and common law fraud;

    f.  whether Defendants committed statutory and common law negligence;

    g.  whether Defendants' conduct violated the New York Business Law § 349;

    h.  whether Defendants' conduct violated the New York Business Law § 350;

    i.  whether Defendants misrepresented material facts in connection with the sale of Banana Boats Kids SPF 50 sunscreen products;

    j.  whether, as a result of Defendants' omissions and/or misrepresentations of material facts, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value;

k.  whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief; and

l.  Whether Plaintiff and Class members suffered physical harm in the form of sun damage and sun burns from the lack of sunscreen protection with a higher SPF.

34.     Plaintiff's claims are typical of the claims of the Class since each Class member was subject the same deceptive business practices and course of conduct. Furthermore, Plaintiff and all members of the Class sustained monetary damages including, but not limited to, ascertainable loss arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

35.     Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff is committed to the vigorous prosecution of the Class' claims and has retained attorneys who are qualified to pursue this litigation and are experienced in class action litigation.

36.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. While substantial, the damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. A class action regarding the issues in this case does not create any problems of manageability. The class action device presents far fewer management difficulties than alternative methods of adjudication, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

37.     The Class may also be certified because:

a.  the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b.  the prosecution of separate actions by individual Class members would create a risk

of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability to protect their interests; and

    c.  Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

38.    Separate and distinct from the damages caused by Defendants' unlawful conduct, final injunctive and declaratory class-wide relief is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the class.

## COUNT I
## BREACH OF WARRANTY

39.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein

40.    Defendants sold Banana Boat Kids SPF 50 products in its regular course of business. Plaintiff and Class members purchased the sunscreen.

41.    The sunscreen is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1), and New York, respectively.

42.    Plaintiff and Class members are "consumers" and "buyers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and New York law, respectively.

43.    Defendants are a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) – (5).

44.    Defendants are also a "manufacturer" and "seller" within the meaning of New York law, respectively.

45.    Defendants made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, Class members, and Defendant.

46.    Defendants' written affirmations of fact, promises and/or descriptions as alleged

are each a "written warranty." The affirmations of fact, promises and/or descriptions constitute a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §2301(6) and New York law.

47.     By placing such products into the stream of commerce, by operation of law including both New York law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et. seq.*, Defendants also impliedly warranted to Plaintiff and Class members that Banana Boat Kids SPF 50 products were of merchantable quality (*i.e.*, a product of a high enough quality to make it fit for sale, usable for the purpose it was made, or of average worth in the marketplace,), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

48.     Defendants breached all applicable warranties because Banana Boat Kids SPF 50 sunscreen products contain less UV protection than Defendants otherwise advertise, causing Plaintiff and Class members to rely on the sunscreen based upon a knowingly false and inflated SPF. This defect substantially impairs the use and value of the sunscreen.

49.     The latent defect at issue existed when the sunscreen left Defendants' possession or control and was sold to Plaintiff and the Class members. The defect was undiscoverable to Plaintiff and the Class members at the time of purchase of the sunscreen.

50.     All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of Plaintiff and others in terms of paying for the goods at issue. Defendants have been aware or should have been aware of the defect in the sunscreen and breach of the warranties, and have had an opportunity for years to cure the defect for Plaintiff and all Class members, but have failed to do so.

51.     Defendants breached their express and implied warranties, as Banana Boat SPF

50 sunscreen did not contain the properties Defendants represented.

52.     Defendants' breaches of warranty have caused Plaintiff and Class members to suffer monetary loss by overpaying for products, and entering into transactions they would not have entered into for the consideration paid. As a direct and proximate result of Defendants' breaches of warranty, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the cost of the sunscreen.

53.     As a result of the breach of these warranties, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

### COUNT II
### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

54.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

55.     New York General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

56.     In its sale of goods throughout the State of New York, Defendants conduct business and trade within the meaning and intendment of New York General Business Law § 349.

57.     Plaintiff and members of the Class are consumers who purchased products from Defendants for their personal use.

58.     Defendants have engaged in deceptive and misleading practices, which include, without limitation, selling Banana Boat Kids SPF 50 sunscreen with less UV protection than Defendant otherwise advertises, causing Plaintiff and Class members to overpay for the sunscreen based upon a false, inflated SPF.

59.     By reason of this conduct, Defendants have engaged and continue to engage in deceptive conduct in violation of the New York General Business Law.

60.     Defendants' actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the Class have sustained from having paid for and consumed Defendants' products.

61.     As a result of Defendants' violations, Plaintiff and others similarly situated have suffered damages and are entitled to recover those damages as well as reasonable attorney's fees from Defendants.

## COUNT III
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 350

62.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

63.     New York General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

64.     Pursuant to the statute, false advertising is defined as "advertising, including labeling, of a commodity… if such advertising is misleading in a material respect."

65.     Defendants were and are misleading in a material aspect due to the false labeling and statements regarding its products, and have therefore directly violated New York General Business Law § 350, causing damage to Plaintiff and similarly situated consumers.

66.     As a result of Defendants' violations, Plaintiff and the putative Class have suffered damages due to the violation and are therefore entitled to recover damages and reasonable attorney's fees from Defendants.

## COUNT IV
## FRAUDULENT CONCEALMENT / FRAUDULENT INDUCEMENT

67.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

16

68.     Defendants have a continued duty to warn consumers to whom it markets Banana Boat Kids SPF 50 sunscreen that the sunscreen contain less UV protection than Defendants otherwise advertise.

69.     That Banana Boat Kids SPF 50 sunscreen contains less UV protection than Defendants otherwise advertises is material information that Defendants have a duty to disclose to those purchasing Banana Boat Kids SPF 50 sunscreen who, unlike Defendants, do not have access to such information.

70.     Defendants, with the intent that Plaintiff and members of the putative Classes rely thereupon, have and continue to sell Banana Boat Kids SPF 50 sunscreen with false information.

71.     Defendants, with the intent that Plaintiff and members of the putative Classes rely thereupon, continue to sell Banana Boat Kids SPF 50 sunscreen containing less UV protection than Defendants otherwise advertises, causing Plaintiff and Class members to overpay for the sunscreen based upon a false SPF label.

72.     Based upon Defendants' concealment of these material facts, Defendants induced consumers, including Plaintiff and members of the putative Class, to rely upon Defendants' omission and misrepresentation, and to purchase Banana Boat Kids SPF 50 sunscreen.

73.     Plaintiff and members of the putative Classes have sustained economic and physical injury as a direct and proximate result of Defendants' omissions and misrepresentations.

## COUNT V
## NEGLIGENT MISREPRESENTATION

74.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

75.     Defendants had and continue to have a duty to warn consumers to whom it sells Banana Boat Kids SPF 50 sunscreen that the sunscreen contains less UV protection than Defendants otherwise advertise, causing Plaintiff and Class members to overpay for the

sunscreen based upon a false label.

76.     That Banana Boat Kids SPF 50 sunscreen contains less UV protection than Defendants otherwise advertise is material information that Defendants have a duty to disclose to those purchasing sunscreen who, unlike Defendants, do not have access to such information.

77.     At the time Defendants made its representations that Banana Boat Kids SPF 50 sunscreen contained false information, Defendants knew or should have known that these representations were false or that Defendants made them without knowledge of their truth or veracity.

78.     Having negligently misrepresented and/or negligently omitted these material facts, Defendants have and continue to sell Banana Boat Kids SPF 50 sunscreen as containing false information.

79.     Having negligently misrepresented and/or negligently omitted these material facts, Defendants have and continue to sell Banana Boat Kids SPF 50 sunscreen containing less UV protection than Defendants otherwise advertise, causing Plaintiff and Class members to overpay for the sunscreen based upon false information.

80.     Based upon Defendants' negligent misrepresentation or concealment of these material facts, Defendants induced consumers, including Plaintiff and members of the putative Classes, to rely upon Defendants' omission and misrepresentation, and to purchase and/or consume Banana Boat Kids SPF 50 sunscreen products.

81.     Plaintiff and members of the putative Class have sustained economic injury as a direct and proximate result of Defendants' omissions and misrepresentations.

**COUNT VI**
**UNJUST ENRICHMENT**

82.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

83.    As Plaintiff and the Class show just grounds for recovering money to pay for benefit that Defendants received from them, they have a right to restitution at law through an action derived from the common-law writ of assumpsit by implying a contract at law, or a quasi-contract as an alternative to a claim for breach of contract.

84.    Plaintiff and members of the Class conferred a benefit upon Defendants by purchasing Banana Boat Kids SPF 50 products from Defendants. Defendants had knowledge that this benefit was conferred upon them.

85.    Defendants, having received such benefit, are required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendants to retain such monies based on the unlawful conduct described above. Such money or property belongs in good conscience to Plaintiff and the Class members and can be traced to funds or property in Defendants' possession. Plaintiff and Class members have unjustly enriched Defendants through payments and the resulting profit enjoyed by Defendants as a direct result of such payments. Plaintiff's and Class members' detriment and Defendants' enrichment were related to and flowed from the conduct challenged in this Complaint.

86.    An entity that has been unjustly enriched at the expense of another is required to make restitution to the other. Under common law principles recognized in claims of common counts, assumpsit, and quasi-contract, as well as principles of unjust enrichment, under the circumstances alleged herein it would be inequitable for Defendants to retain such benefit without paying restitution or damages therefor. Defendants should not be permitted to retain the benefit conferred via payments to be received from and/or paid by Plaintiff and Class members as a result of such transactions, and other remedies and claims may not permit them to obtain such relief, leaving them without an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief against Defendant as set forth below:

a.   An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

b.   Notice to the Class of this action;

c.   An injunction against Defendants prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

d.   Appoint Plaintiff as the representative of the Class and his Counsel as Class counsel;

e.   Pre-judgment and post-judgment interest as provided by law;

f.   Reasonable attorneys' fees and costs; and

g.   Such other and further relief that this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
June 22, 2016

Respectfully Submitted,

NAPOLI SHKOLNIK PLLC

/s/ Hunter Shkolnik
Hunter Shkolnik, Esq.
Paul B. Maslo, Esq.
Salvatore C. Badala, Esq.
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
hunter@napolilaw.com
pmaslo@napolilaw.com
sbadala@nap[olilaw.com

-and-

20

IMBESI LAW P.C.

/s/ Brittany Weiner
Brittany Weiner, Esq.
Seth Asher Nadler Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(646) 380-9555
brittany@lawicm.com
snadler@lawicb.com