**DeNittis | Osefchen | Prince**, P.C.
Attorneys at Law

denittislaw.com

5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
P: 856.797.9951 | F: 856.797.9978

1515 Market Street, Suite 1200
Philadelphia, PA 19102
P: 215.564.1721 | F: 215.564.1769

315 Madison Ave., 3rd Floor
New York, NY 10017
P: 646.979.3642

June 5, 2018

**Via ECF & Regular Mail**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *In Re: Edgewell Personal Care Co. Litigation (16-cv-03371)-KAM-RLM*

Dear Judge Matsumoto:

Please accept this letter in lieu of a more formal response to Defendants' submission of, and commentary on, the recent FDA statement dated May 22, 2018 entitled *Statement from FDA Commissioner Scott Gottlieb., M.D., on new FDA actions to keep consumers safe from the harmful effects of sun exposure, and ensure the long-term safety and benefits of sunscreens.* ("FDA Statement").

It is certainly positive news that the FDA has provided additional guidance to sunscreen manufacturers and has pledged to take a more active role in ensuring that sunscreen manufacturers are held "responsible for the quality of their products." Despite Defendants' insinuations to the contrary, however, the FDA Statement itself has little to no relevance to this case or the relief sought herein – neither to Plaintiffs' Rule 23(b)(3) claims for monetary relief to compensate them for their past purchases nor to their Rule 23(b)(2) claims for injunctive relief.

First, and most significantly, nothing in the FDA Statement changes the standards with which manufacturers must comply with respect to SPF testing and SPF claims. In fact, the FDA Statement specifically provides that "SPF testing for covered sunscreen products must be conducted according to the method specified in § 201.327" – the exact standard that Plaintiffs claim Defendants have violated. If anything, the FDA Statement further buttresses Plaintiffs' testing and claims.

Second, nothing in the FDA Statement addresses the claim for damages sought by Plaintiffs in this case. Specifically, Plaintiffs and the class are seeking to be compensated for out of pocket expenses incurred in purchasing sunscreen that does not meet the SPF labeling

Stephen P. DeNittis*† | Joseph A. Osefchen ‡ | Shane T. Prince* | Ross H. Schmierer** | Joseph A. D'Aversa

* Member of the NJ & PA Bar
** Member of the NJ & NY Bar
* Certified Civil Trial Attorney by the Supreme Court of New Jersey



representations. This has led to persons in the class being exposed to harmful effects of the sun because they are not getting the level of SPF protection that they were promised by Defendants. These persons have brought claims to be compensated for their past purchases of the product due to these false statements. Nothing in the FDA Statement will assist these persons in pursuing their damages claims.

Third, nothing in the FDA statement addresses the injunctive relief sought by Plaintiffs in this case. Although the FDA has pledged to "step in" when it "sees [sunscreen] companies taking advantage of" consumers, it has not done so with respect to Defendants, despite being aware of this case and Plaintiffs' claims. Indeed, the FDA has identified just three companies – Sunsafe RX, Solaricare and Sunergetic – that were subject to FDA investigation and received warning letters due to deceptive marketing practices. Defendants, however, received no such warning letter and do not appear to be subject to any active FDA investigation. There is no need to petition the FDA when it has not voluntarily involved itself in this case.

With another summer season coming upon us, there are many consumers throughout the United States who currently have Defendants' sunscreen and are not aware that Defendants' SPF representations are false. Yet Defendants are trying to do anything and everything possible to delay this lawsuit from going forward and notifying their customers. Not only has Consumer Reports identified deficiencies in Defendants' SPF representations, but Plaintiffs themselves have conducted, through a licensed and credential lab, FDA protocol testing "according to the method specified in § 201.327" which clearly showed the SPF claim on Defendants' sunscreen at issue in this case to be woefully deficient. The FDA has opted not to perform such testing itself, however.

Regardless, the goal of Plaintiffs' lawsuit is the same as that described in the FDA Statement: to make sure that sunscreen manufacturers deliver to consumers the SPF value that they promise, and to hold them accountable and responsible if they do not. The FDA Statement does not alter the Court's analysis with respect to the pending motion to dismiss, or in any aspect of this case whatsoever. Consequently, Plaintiffs respectfully request that Your Honor deny Defendants' Motion to Dismiss so that discovery may promptly begin and this case may be adjudicated as efficiently and promptly as possible.

Respectfully submitted,

DeNITTIS OSEFCHEN PRINCE, P.C.

STEPHEN P. DeNITTIS

SPD/dmc
cc:    All Counsel of Record (via CM/ECF & email)
       The Honorable Roanne L. Mann (via FedEx)